The main opinion correctly notes that a personal representative is not a proper party to seek death benefits under Alabama's Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975, and observes that the real parties in interest, i.e., Silva's surviving spouse and children, were not before the trial court at the time the judgment was entered. I agree that the judgment must be reversed on that basis. However, on the issue of the feasibility of joining the survivors as parties, I write specially to note the potential availability of one mechanism by which the survivors may properly be brought before the court:
 "Although a personal representative is an improper party to an action for death benefits, [§ 25-5-60, Ala. Code 1975,] specifically authorizes the court to appoint a guardian or other person to prosecute the action for the use and benefit of a dependent. The guardian, or other appointee, may bring the action for the benefit of the employee and may receive the compensation for the use and benefit of the employee subject to the usual rules of guardianship."
2 Terry A. Moore, Alabama Workers' Compensation
§ 18:18 (1998) (footnote omitted).